|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |
| JPMORGAN CHASE BANK, N.A. and FEDERAL HOME LOAN MORTGAGE CORPORATION, | Case No. 2:17-cv- 02451-APG-PAL |
| Plaintiffs, | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION TO DISMISS** |
| v. | |
| GDS FINANCIAL SERVICES, LEODEGARIO SALVADOR, SQUIRE VILLAGE AT SILVER SPRINGS COMMUNITY ASSOCIATION, GARY MCCALL, and DIANA MCCALL, | (ECF Nos. 28, 33) |
| Defendants. | |

The parties dispute whether a deed of trust still encumbers property located at 5023 Droubay Drive in Las Vegas following a non-judicial foreclosure sale conducted by defendant Squire Village at Silver Springs Community Association (Squire Village). Plaintiff JPMorgan Chase Bank, N.A. is the beneficiary of record for the deed of trust and is the servicer for plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac"). The plaintiffs seek a declaration that the deed of trust continues to encumber the property.

The plaintiffs move for summary judgment on the basis that the federal foreclosure bar in 12 U.S.C. § 4617(b)(2)(A)(i) precludes Squire Village's foreclosure sale from extinguishing Freddie Mac's interest in the property. Squire Village filed a limited opposition, asserting it does not oppose the request that the deed of trust continue to encumber the property, but it does oppose any ruling that the foreclosure sale it conducted is void. ECF No. 31. Defendant GDS Financial Services (GDS), a sole proprietorship owned by defendant Leodegario Salvador, purchased the property at the foreclosure sale and is the current property owner. Salvador opposes the plaintiffs' motion and moves to dismiss, arguing generally that he is a good faith purchaser and

the dispute is really between the plaintiffs and Squire Village. He also raises a variety of other arguments.

I deny Salvador's motion to dismiss and grant the plaintiffs' motion for summary judgment. Freddie Mac's interest cannot be extinguished by a homeowners association (HOA) sale under the federal foreclosure bar.

**I. BACKGROUND**

Defendants Gary McCall and Diana McCall obtained a loan in May 2005 from MIT Lending to purchase the property. ECF Nos. 28-1 at 2; 28-2 at 4. The loan was secured by a deed of trust encumbering the property. ECF No. 28-1 at 2. The deed of trust identified MIT as the lender, Chicago Title Lender Source as the trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary under the deed of trust solely as nominee for the lender and its assigns. *Id.* at 2-3.

Freddie Mac purchased the loan and deed of trust on July 14, 2005 and has owned it since. ECF No. 28-2 at 4. JPMorgan Chase is Freddie Mac's servicer for the loan. *Id.* at 5-6. On March 25, 2011, MERS assigned the deed of trust to JPMorgan Chase. ECF No. 28-3. That same day, JPMorgan Chase assigned the deed of trust to Chase Home Finance, LLC. *Id.* In August 2012, MERS re-assigned the deed of trust to JPMorgan Chase, the successor by merger to Chase Home Finance. *Id.*

On May 2, 2011, defendant Squire Village recorded a notice of delinquent assessment because the McCalls owed it unpaid assessments. ECF No. 28-4. Squire Village filed a notice of default and election to sell based on the unpaid assessments on August 8, 2011. ECF No. 28-5. Squire Village recorded a notice of sale a few weeks later, setting the sale for September 26, 2012. ECF No. 28-6. The property was sold on that date to GDS for $5,100. ECF No. 28-7. On December 13, 2013, JPMorgan Chase recorded a notice of default and election to sell under the deed of trust. ECF No. 28-8. The plaintiffs filed this declaratory relief action on September 20, 2017. ECF No. 1.

/ / / /

## II. DISCUSSION

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [the Federal Housing Finance Agency (FHFA)] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[ ] or sale without the consent of [FHFA]." The plaintiffs argue that under the federal foreclosure bar, the HOA sale could not extinguish Freddie Mac's interest in the property because at the time of the sale, FHFA was acting as Freddie Mac's conservator and Freddie Mac owned an interest in the property.

The question of whether the federal foreclosure bar preserves Freddie Mac's interest in this property following Squire Village's foreclosure sale of its superpriority lien is controlled by *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017). In that case, the Ninth Circuit held that the federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Freddie Mac's interest in property without FHFA's affirmative consent. *Id.* at 927-31. That court accepted as proof of ownership the same type of evidence offered in this case. *Id.* at 932-33.

/ / / /

Salvador does not dispute that Freddie Mac owned an interest in the loan and deed of trust at the time of the HOA foreclosure sale other than to offer conclusory statements that (1) the loan was securitized so the plaintiffs lack standing and (2) Freddie Mac "disowns defective loans" and the "mere fact that the loan was foreclosed by [the] HOA evidently revealed that this loan was supposed to be not traded in the stream of commerce." ECF No. 32 at 2.

As to the first argument, Freddie Mac has presented evidence that at the time of the HOA foreclosure sale, the loan was not securitized. ECF No. 35-1 at 4, 35. As to the second contention, the HOA foreclosed because the McCalls did not pay their HOA assessments. This has nothing to do with the loan to the McCalls or whether it was "defective." Freddie Mac has not disowned the loan at issue here. Instead, it sues to maintain its security for that loan.

Salvador offers no evidence raising a genuine dispute about Freddie Mac's interest, and he does not request relief under Federal Rule of Civil Procedure 56(d). Consequently, no genuine dispute remains that Freddie Mac owned an interest in the property at the time of the HOA foreclosure sale. Under the federal foreclosure bar and *Berezovsky*, this interest cannot be extinguished without FHFA's consent.

Salvador argues that this case cannot be resolved until the current split between state and federal courts regarding the constitutionality of Nevada Revised Statutes Chapter 116 is settled. *See Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1157 (9th Cir. 2016); *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970, 973 (Nev. 2017) (en banc). However, I need not address that issue because even if the state statutory scheme is constitutional, the federal foreclosure bar would preclude the HOA foreclosure sale from extinguishing Freddie Mac's interest.

Next, Salvador contends he is an innocent buyer and the dispute is really between the plaintiffs and Squire Village. Salvador is arguing that he is a bona fide purchaser under Nevada law. However, Nevada's law on bona fide purchasers would be preempted for the same reasons an HOA cannot foreclose on FHFA's interests without consent. The federal foreclosure bar's "declaration that '[n]o property of the Agency shall be subject to . . . foreclosure' unequivocally

expresses Congress's 'clear and manifest' intent to supersede any contrary law, including state law, that would allow foreclosure of Agency property without its consent." *Berezovsky*, 869 F.3d at 930-31. Nevada's law provides that bona fide purchasers for value without notice[1] have priority. *See* Nev. Rev. Stat. § 111.325; *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1114 (Nev. 2016) (en banc). Allowing Nevada's law on bona fide purchasers to control in this case would be "an obstacle to Congress's clear and manifest goal of protecting the Agency's assets in the face of multiple potential threats, including threats arising from state foreclosure law." *Berezovsky*, 869 F.3d at 931. Accordingly, Nevada's law on bona fide purchasers is preempted by the federal foreclosure bar. *See id.*

Finally, Salvador asserts MERS's involvement in the chain of title is suspicious. But Nevada law allows for MERS to act as agent for the note holder. *See In re Montierth*, 354 P.3d 648 (Nev. 2015) (en banc); *Edelstein v. Bank of New York Mellon*, 286 P.3d 249 (Nev. 2012) (en banc). Salvador has not identified any specific aspect of MERS's conduct related to this property that raises suspicion about the validity of Freddie Mac's interest in the property.

In sum, Salvador has not shown a genuine dispute exists that would preclude summary judgment in Freddie Mac's favor under the federal foreclosure bar. I therefore grant the plaintiffs' motion for summary judgment and deny Salvador's motion to dismiss.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that defendant Leodegario Salvador's motion to dismiss **(ECF No. 33) is DENIED**.

IT IS FURTHER ORDERED that plaintiffs Federal Home Loan Mortgage Corporation and JPMorgan Chase Bank, N.A.'s motion for summary judgment **(ECF No. 28) is GRANTED**. It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on September 26, 2012 did not extinguish Federal Home Loan Mortgage Corporation's interest in

---

[1] There was some record notice that the loan might be sold to Freddie Mae. The deed of trust, which was recorded long before Salvador, through GDS, purchased the property, states it is a "Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS." ECF No. 28-1.

the property located at 5023 Droubay Drive in Las Vegas, Nevada, and thus the property is subject to the deed of trust for which JPMorgan Chase Bank, N.A. is the current beneficiary of record.

IT IS FURTHER ORDERED that on or before May 23, 2018, the parties shall file a joint status report regarding what, if anything, remains of this case.

DATED this 1st day of May, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE